UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| Nathalia A.<br><br>                    Plaintiff,<br><br>v.<br><br>Frank Bisignano Commissioner of Social Security,<br><br>                    Defendant. | Civil No. 3:24-CV-00924 (MEG)<br><br><br>June 16, 2026 |

**RULING ON PLAINTIFF'S MOTION FOR APPROVAL OF
42 U.S.C. § 406(b) ATTORNEY'S FEES**

Pending before this Court is Plaintiff's Motion for Allowance of Attorney's Fees under 42 U.S.C. § 406(b)(1) of the Social Security Act (the "Act"). ECF. No. 31. Defendant, Commissioner of Social Security ("Commissioner") filed a response in its limited role as a quasi-trustee, setting forth the history of the case and applicable standard for the Court's consideration. ECF No. 35. For the reasons that follow, the Plaintiff's Motion is GRANTED as set forth herein. ECF No. 31.

I.    **PROCEDURAL BACKGROUND**

Attorney Gary W. Huebner has represented Plaintiff since late 2022. *See* ECF No. 31, at 1. Plaintiff and Attorney Huebner entered into a contingency fee agreement whereby counsel would receive a fee in the amount of twenty-five percent of the past-due benefits awarded. ECF No. 31-2, Ex. B.

Plaintiff filed an application for Social Security Disability and Social Security Income benefits on May 24, 2021, with an alleged onset date of disability of June 1, 2014. Plaintiff's claim for benefits was denied on August 4, 2021, and upon reconsideration on December 21, 2021. Thereafter, Plaintiff filed a written request for a hearing before an Administrative Law Judge

1

(ALJ). On May 26, 2023, ALJ Thomas denied Plaintiff's application for disability benefits. On March 25, 2024, the Appeals Council denied Plaintiff's request for review.

On May 24, 2024, Plaintiff's counsel commenced an action on behalf of Plaintiff pursuant to 42 U.S.C. § 405(g) and/or 42 U.S.C. § 1383 (c)(3) seeking to review the decision of the Commissioner of Social Security. *Abreu v. Commissioner of Social Security*, 3:24-cv-00924-MEG, ECF No. 1 (D. Conn. May 24, 2024). Plaintiff filed a Motion to Reverse the Decision of the Commissioner on October 12, 2024. ECF No. 22. On December 11, 2024, Defendant agreed to a voluntary remand to the Agency under Sentence Four of 42 U.S.C. § 405(g). ECF No. 28. On December 23, 2024, this Court entered Judgment in accordance with the parties' stipulation for a remand. ECF No. 30.

An award of fees under the Equal Access to Justice Act was not sought or awarded in this case. If such an award had been made in 2024, this amount would be due to Plaintiff upon payment of the 406(b) fee pursuant to *Gisbrecht v. Barnhart,* 535 U.S. 789 (2002). Attorney Huebner acknowledges that Plaintiff is due a credit in a reasonable amount pursuant to the EAJA statute whether or not such a fee was paid. ECF No. 31, at 2; *see* ECF No. 35, at 3 (citing cases finding that reductions of § 406(b) awards may be appropriate where EAJA fees could have been sought in the matter but were not).

"While an attorney is by no means required to apply for EAJA fees in every case, his failure to do so in certain cases may bear on the reasonableness of any future fee he requests under the SSA." *Gallo v. Astrue*, No. 10-CV-1918 (JG), 2011 WL 5409619, at *2 (E.D.N.Y. Nov. 8, 2011). "[C]ourts are 'entitled to take into account counsel's failure to timely file a colorable EAJA application' when determining the reasonableness of an attorney's fee application." *Dorta v. Saul*, No. 18-CV-396 (JLC), 2021 WL 776446, at *3 (S.D.N.Y. Mar. 1, 2021) (quoting *Blair v. Colvin*, No. 5:11-CV-404 (GLS) (GHL), 2014 WL 3891321, at *1–2 (N.D.N.Y. Aug. 7, 2014). Attorney

2

Huebner proposes a credit to Plaintiff for a $5,000 EAJA fee that he could have obtained if he filed a timely application for EAJA fees.

After the remand, Counsel submitted updated medical evidence and represented Plaintiff at the December 4, 2025, remand hearing. A partially favorable decision was issued on February 27, 2026, with a disability onset date of September 27, 2018. ECF No. 31-1, at 3.

## II.    TIMELINESS OF THE MOTION

Generally, a fee application under § 406(b) must be filed within 14 days after the entry of judgment. Fed. R. Civ. P. 54(d)(2)(B)(i). Rule 54(a)(2)(B) as applied to § 406(b) motions for attorneys' fees, requires that a party moving for attorneys' fees file the motion within 14 days of notice of a benefits award. *Sinkler v. Berryhill*, 932 F.3d 83, 85 (2d Cir. 2019). Additionally, a presumption applies that a notice is received "three days after mailing." *Id.* at 89 n.5; *see also* Fed. R. Civ. P. 6(d).

On April 2, 2026, the Administration issued a Notice of Award ("NOA"), advising that it was withholding twenty-five percent of the total past-due benefits, or $21,272.00, for the satisfaction of attorney's fees pursuant to Section 406(b) of the Act. ECF No. 31-1, Ex. A.

Plaintiff filed this Motion for Approval of 42 U.S.C. § 406(b) Attorney's Fees on April 16, 2026. Accordingly, the Motion for Approval of 42 U.S.C. § 406(b) Attorney's Fees was timely filed.

## III.    THE REASONABLENESS OF THE REQUESTED FEE.

Section 406(b) provides, in relevant part, as follows:

Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

3

42 U.S.C. § 406(b)(1)(A). In other words, § 406(b) allows a successful claimant's attorney to seek court approval of his or her fees, not to exceed twenty-five percent of the total past-due benefits. Section 406(b) "calls for court review of [contingent-fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). This review is subject to "one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id.* "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.*

Accordingly, a fee is not automatically recoverable simply because it is equal to or less than twenty-five percent of the client's total past-due benefits. "To the contrary, because section 406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable,' the attorney bears the burden of persuasion that the statutory requirement has been satisfied." *Id.* at 807 n.17. As such, the Commissioner's failure to oppose the motion is not dispositive. *Mix v. Comm'r of Soc. Sec.*, No. 6:14-CV-06219 (MAT), 2017 WL 2222247, at *2 (W.D.N.Y. May 22, 2017). Several factors are relevant to the reasonableness analysis, including the following: (1) "whether the contingency percentage is within the 25% cap[;]" (2) "whether there has been fraud or overreaching in making the agreement[;]" and (3) "whether the requested amount is so large as to be a windfall to the attorney." *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990). Also relevant are the following: (1) "the character of the representation and the results the representative achieved[;]" (2) "the amount of time counsel spent on the case[;]" (3) whether "the attorney is responsible for delay[;]" and (4) "the lawyer's normal hourly billing charge for noncontingent-fee cases." *Gisbrecht*, 535 U.S. at 808.

When determining whether a requested fee constitutes a windfall, courts are required to consider: (1) "the ability and expertise of the lawyers and whether they were particularly

4

efficient[,]" (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level[,]" (3) "the satisfaction of the disabled claimant[,]" and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Fields v. Kijakazi*, 24 F.4th 845, 854-55 (2d Cir. 2022).

Here, Plaintiff's counsel seeks $21,272.00, which is not greater than 25 percent of the statutory cap of Plaintiff's past-due benefits. ECF No.31 (NOA withholding $21,272.00 in case the Federal Court approves attorney's fees for work that was done before the court). Utilizing the factors set forth above, the Court finds that there is no evidence of fraud or overreaching in the making of the contingency agreement between counsel and Plaintiff. ECF No. 31, Ex. B. Counsel's law firm provided effective representation of Plaintiff's interests since late 2022, resulting in Plaintiff successfully receiving the benefits sought. There is no reason to believe that Plaintiff is dissatisfied with the outcome of such representation. Here, the success of Plaintiff's claims was uncertain as demonstrated by denial of her applications at the agency level. Accordingly, the hours expended by counsel's law firm were reasonable in light of the issues presented and the extent of representation.

The requested fee would result in a *de facto* hourly rate of $1,040.19 ($21,272.00 divided by 20.45 hours) for work performed over the course of several years. ECF No. 36. The Court finds that neither the *de facto* hourly rate, nor the overall requested attorneys' fees amount, constitutes a windfall. Attorney Huebner's efforts resulted in obtaining a "Sentence Four" remand and ultimately a favorable ruling by the ALJ awarding a retroactive benefit as of September 27, 2018. ECF No.31-1, at 3. The effective hourly rate of $1,040.19 is within the range of other Section § 406(b) fee awards approved in this Circuit. *See e.g.*, *Fields,* 24 F.4th at 854-56 (an effective hourly rate of $1,556.98 was not a "windfall"); *Sue-Anne O. M. v. Kijakazi*, No. 3:20-CV-00301 (MEG), 2023 WL 3737712, at *3 (D. Conn. May 31, 2023) (effective hourly rate of $1,100.82 was

reasonable); *Bate v. Berryhill*, No. 18-CV-1229 (ER), 2020 WL 728784, at *3 (S.D.N.Y. Feb. 13, 2020) (the hourly rate of $1,506.32 was reasonable); *Valle v. Colvin*, No. 13-CV-2876 (JPO), 2019 WL 2118841, at *3 (S.D.N.Y. May 15, 2019) (effective hourly rate of $1,079.72 did not constitute "windfall" to counsel). Accordingly, in light of the above, the Court finds that a *de facto* hourly rate of $1,040.19 is reasonable and in line with awards generally approved in this District for similar work performed. The Court is also "mindful that 'payment for an attorney in a social security case is inevitably uncertain.'" *Buckley v. Berryhill*, 15-CV-0341-A, 2018 WL 3368434, at *2 (W.D.N.Y. July 10, 2018) (quoting *Wells*, 907 F.2d at 371). Accordingly, "the Second Circuit has recognized that contingency risks are necessary factors in determining reasonable fees under § 406(b)." *Id.* (quotation marks omitted).

The Court also notes that counsel agrees to credit Plaintiff $5,000 for an EAJA fee that he could have obtained in the present civil action if he filed a timely application for EAJA fees.  ECF. No. 31, at 3.  *See Gisbrecht*, 535 U.S. at 796 ("Fee awards may be made under both [EAJA and § 406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee . . . .").

## IV.    CONCLUSION

For the foregoing reasons, the Court finds that the attorney's fees requested under § 406(b) of $21,272.00 is reasonable. The Court further finds that a reduction of $5,000 representing the amount of EAJA fees Plaintiff's counsel could have obtained but did not is warranted. As such, Plaintiff's counsel shall be paid attorney's fees in the net amount of $16,272.00, out of funds withheld from Plaintiff's past-due benefits.

This is not a recommended ruling. The parties consented to the jurisdiction of the undersigned Magistrate Judge, who may therefore direct the entry of a judgment of the district court in accordance with the Federal Rules of Civil Procedure. ECF No. 12. Appeals may be made

directly to the appropriate United States Court of Appeals. *See* 28 U.S.C. § 636(c)(3); Fed. R. Civ.

P. 73(c). It is so ordered.

*/s/ Maria E. Garcia, USMJ*
Hon. Maria E. Garcia
United States Magistrate Judge
